UNITED STATES *v.* ZES CLOYA.

(*District Court, S. D. Alabama.* July 11, 1888.)

1. ABDUCTION—FOR THE PURPOSE OF PROSTITUTION OR CONCUBINAGE.
Where an Indian prisoner escapes from the reservation, taking with him an Indian girl of 11 years, and forcibly has sexual intercourse with her, he is not guilty of abduction under Code Ala. 1886, § 3744, providing for punishment for taking a girl under 14 years from the person having legal charge of her, for purposes of prostitution, marriage, or concubinage.

2. CRIMINAL LAW—REASONABLE DOUBT.
A reasonable doubt is one which, after an entire consideration of the evidence, leaves the mind in such condition that there is no conviction to a moral certainty of defendant's guilt.

At Law. Indictment for abduction.

Zes Cloya, one of the Apache Indians captured with Geronimo, was, with many others, put upon the United States military reservation near Mount Vernon arsenal in Mobile county, Ala., under guard of the garrison. He escaped, carrying with him an Indian girl of about 11 years of age. He was recaptured on state territory, and the military turned him over to the civil authorities for trial. In accordance with the Revised Statutes, (section 5391,) he was tried for the offense of abduction as defined in Code Ala. 1886, § 3744, as follows:

"Any person who takes any girl under fourteen years of age from her father, mother, guardian, or other person having the legal charge of her, for the purpose of prostitution, concubinage, or marriage, must, on conviction, be imprisoned in the penitentiary for not less than two years."

The evidence showed that the defendant was himself married; that he took the child from the custody of her mother, and, after leaving the reservation, cruelly treated her, and forcibly had sexual intercourse with her. The jury found a verdict of acquittal, and the prisoner was remanded to military control.

*J. D. Burnett*, U. S. Dist. Atty., for the United States.

*S. B. Browne* and *A. D. Anderson*, for defendant.

TOULMIN, J., (*charging jury, after stating the facts.*) 1. In order to convict the defendant under this indictment, you must find him guilty of abducting the girl for the purpose of prostitution or concubinage, as hereafter defined. I hold that marriage as spoken of in the statute alleged to have been violated means a lawful marriage; and that could not, under the facts of this case, have been intended by him. You may dismiss that branch of the offense from your minds.

2. You must believe from the evidence beyond a reasonable doubt, before you can convict the defendant for abducting the girl for purposes of prostitution, that he abducted her, not merely for illicit intercourse with her himself, but for the purpose of prostitution, which means the common indiscriminate intercourse with men, and not with one man. In other words, if defendant's purpose was to have sexual intercourse with her himself only, he would not be guilty of abducting her for purposes of prostitution, and you ought to find him not guilty, unless you find that he is guilty of abducting the girl for the purpose of concubinage.

3. You must believe from the evidence beyond a reasonable doubt, before you can convict the defendant of abducting the girl for the purpose of concubinage, that the defendant abducted her, not merely for the purpose of having sexual intercourse with her, but for the purpose of creating the relation between himself and the girl of concubinage, which means a natural marriage, as contradistinguished from a legal or civil marriage; for the purpose of concubinage, that is, for the purpose of an habitual and continued illicit cohabitation with her.

4. One, two, or a half dozen acts of illicit intercourse would not, of themselves, constitute concubinage, but they should be considered in connection with other facts and circumstances shown by the evidence in determining whether or not the defendant's purpose was habitual and continued cohabitation with the girl. Was such his purpose when he abducted the girl? And was his purpose defeated by his capture, or by any other circumstances? You must answer these questions by a fair consideration of all the evidence in the case.

5. You must believe beyond a reasonable doubt, before you can convict the defendant under this indictment, that his purpose was prostitution or concubinage, and not merely to have illicit sexual intercourse

with her; for if his purpose was merely to gratify his lawless lust either by rape, seduction, or fornication, he would not be guilty under this indictment, and you ought to acquit him.

6. When one is said to have abducted a female for the purpose of prostitution, that means, in law, for the purpose of unlawful sexual intercourse with men, not merely for the sexual intercourse with the person abducting; for he could be guilty without any sexual intercourse with the female abducted, provided he abducted her for the purpose of putting her in a position to have indiscriminate sexual intercourse with others.

7 When one is said to have abducted a female for the purpose of concubinage, that means in law that he purposed or meant to create a sort of marriage relation between himself and the female abducted; that he purposed to cohabit with her; to have continual habitual sexual intercourse with her.

8. It is your duty, in making up your minds as to the guilt or innocence of the defendant, to discard from your consideration any feeling of indignation, prejudice, or passion which his conduct or acts towards the unfortunate girl might excite in your bosoms, and to look at the evidence purely in the light of the charge made against him, and find a verdict as the evidence convinces you of his guilt or innocence of the particular charge against him. This is a duty you owe, not only to the prisoner, but to yourselves and the government of the United States.

9. If according to one theory of the evidence the defendant would be guilty, but according to another theory he would be innocent, and you entertain a reasonable doubt from the evidence which is the correct theory, you ought to find the defendant not guilty.

10. A doubt which requires an acquittal must be "actual and substantial,"—a real doubt arising out of the evidence. It is that state of the case which, after an entire consideration of all the evidence, leaves your minds in such condition that you cannot say you are convinced to a moral certainty of the defendant's guilt of the charge against him. This is what is meant by being convinced beyond a reasonable doubt.

11. Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant abducted the girl for the purpose of prostitution or concubinage, (as explained in the instructions here given you by the court,) you will find him guilty as charged in the indictment.

You, gentlemen, will try this defendant's case as you would that of any other man, and give him the same consideration, regardless of his race, color, or condition in life. The same law governs in this case as in any other case of the same character and circumstances.